UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL, | No. 2:18-cv-1788 DB P |
| Plaintiff, | |
| v. | ORDER |
| R. PLESHCHUK, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, the court will grant plaintiff's motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A.   Allegations of the Complaint**

Plaintiff complains of conduct that occurred when he was confined at California State Prison-Sacramento ("CSP-Sac") in the Psychiatric Services Unit ("PSU"). He identifies the following defendants: (1) R. Pleschuk; (2) K. Franceschi; (3) H. Williams; (4) D. Thayer; (5) J. Caoile; (6) L. Rocke; (7) M. Jakubowski; (8) E. Nguyen; (9) P. Craig; (10) C. Martincek; (11) C. McCarvel; (12) J. Johnson; (13) J. Polich; (14) D. Baughman; and (15) Jerry Brown. In the caption of his complaint, plaintiff identifies the following causes of action: (1) Deliberate Indifference under the Eighth Amendment; (2) Breach of Contract/Fiduciary Duties; (3) Retaliation and Conspiracy under the First Amendment; and (4) Employee Misconduct.

Plaintiff states that he suffers from a serious mental disorder which he identifies as "bipolar mixed with psychotic features." (ECF No. 1 at 5-6.) He states that when he arrived at CSP-Sac in December 2016, defendant Williams was assigned to be his primary mental healthcare provider. Plaintiff disagreed with the types of groups Williams enrolled plaintiff in. Plaintiff

////

3

filed a staff complaint against Williams and against her supervisors, defendants Pleshchuk and Franceschi. (Id. at 6-7.)

Plaintiff was then assigned a new primary mental healthcare provider, defendant Thayer. (ECF No. 1 at 7.) Thayer advised plaintiff to drop the staff complaint so he would not be subject to harassment. (Id. at 8.) Plaintiff states that from May 2017 through June 2017, he was "harassed with a number of disciplinary rule infractions," and threatened to be kicked out of the mental health program.

Plaintiff was then enrolled in additional groups but many were cancelled. (ECF No. 1 at 8.) In July 2017, plaintiff informed defendant Williams that he was depressed and had thoughts of suicide. (Id.) Williams failed to help him and shortly after she left his cell, he cut both of his wrists. (Id.) Later that day, defendants Williams, Pleshchuk, and Rocke informed plaintiff that his treatment team was reducing his level of care from Enhanced Outpatient Program ("EOP") to CCCMS.[1] (Id. at 8-9.) Plaintiff alleges that this was done in retaliation for filing the staff complaint. (Id. at 9.)

On July 18, 2017, defendant Polich informed plaintiff that he would inform the warden, defendant Baughman, about plaintiff's "case." (ECF No. 1 at 10.) Baughman then recommended that plaintiff be transferred to Corcoran State Prison. The ICC Committee, which was comprised of Baughman, Polich, and defendants Martincek, McCarvel, and Pleshchuk, approved the transfer. (Id.) Plaintiff alleges the transfer was punitive. (Id.)

Shortly after he arrived at Corcoran, plaintiff was evaluated and his mental health treatment team recommended that he be at an EOP level of care and be transferred back to CSP-Sac's PSU so that he could obtain mental health services. (ECF No. 1 at 11.) Plaintiff was transferred back to CSP-Sac on October 16, 2017. (Id.)

////

---

[1]. Inmates in the EOP level of care have "acute onset or significant decompensation of a serious mental disorder." Cal. Code Regs., tit. 15, § 3040.1(d); Coleman, 28 F. Supp. 3d at 1075. CCCMS is the least severe level of care for mentally ill inmates and EOP is the next least severe level. See Steward v. Sherman, No. C 15-667 WHA(PR), 2016 WL 3345308, at *3 (N.D. Cal. June 16, 2016).

4

When he arrived, defendants Craig and Anderson informed him that CSP-Sac did not want him there and he would be sent back to Corcoran. (ECF No. 1 at 11.) Plaintiff states that he was classified at the CCCMS level of care to facilitate the transfer back to Corcoran. (Id. at 12.) Plaintiff sought to obtain a 602 appeal form from defendant Anderson. Anderson refused. He told plaintiff that defendant Martincek had directed Anderson not to give plaintiff any complaint forms. (Id. at 13.)

On October 25, 2017, plaintiff met with his mental health treatment team, consisting of defendants Baughman, Pleshchuk, Williams, Martincek, Craig, Jakubowski, Franceschi, Nguyen, and Rocke. As a result, his level of care was changed to CCCMS and, on November 26, 2017, he was transferred back to Corcoran. (ECF No. 1 at 15.) Plaintiff alleges that his mental health has declined while at Corcoran and the mental health care is inadequate. (Id.)

Plaintiff alleges his treatment team at CSP-Sac breached its contract with him to provide him adequate mental health care. (ECF No. 1 at 16.) He further alleges that by removing him from the PSU, the team violated his Eighth Amendment rights.

Plaintiff seeks declaratory and injunctive relief. In addition, he seeks compensatory and punitive damages. (ECF No. 1 at 18.)

**B. Does Plaintiff State Cognizable Claims?**

    **1. Eight Amendment Deliberate Indifference**

        **a. Legal Standards**

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must

allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06; see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

6

Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**b. Medical Claim**

Plaintiff alleges that defendant Williams failed to place him in appropriate group therapy. He further alleges that his treatment team reduced his care from EOP to CCCMS and had him transferred, which caused him to have inadequate mental health care. Plaintiff states that his mental health has deteriorated since he has been incarcerated at Corcoran.

Plaintiff's allegations that he required specific types of group therapy does not state an Eighth Amendment claim. Plaintiff's allegations show nothing more than his disagreement with his care providers about his mental health care. With respect to plaintiff's allegations about his change in status from EOP to CCCMS, to the extent plaintiff feels that the change was based on the fact he filed a staff complaint, those allegations fall within his retaliation claim. To the extent plaintiff alleges the change in status was deliberate indifference to his serious medical needs,

7

plaintiff fails to show what care he received when he was designated at the EOP level that he no longer receives. Nor does plaintiff show how the difference in care has contributed to the decline in his mental health.

### 2. Breach of Contract

With respect to plaintiff's state law claim for breach of contract, he is advised that section 945.4 of the Government Claims Act provides that

> [n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division *until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board*, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4 (emphasis added). Section 950.6 provides that

> "[w]hen a written claim for money or damages for injury has been presented to the employing public entity: (a) a cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury *until the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity*."

Cal. Gov't Code § 950.6 (emphasis added). See also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the [Government] Claims Act before commencing a civil action.") (citing Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995)).

The claims-presentation requirement "constitutes an element of any cause of action arising under the Government Claims Act." Mohsin v. Cal. Dep't of Water Res., 52 F. Supp. 3d 1006, 1017-18 (E.D. Cal. 2014). Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action. Yearby v. California Dep't of Corr., No. 2:07–cv–2800 JAM KJN P, 2010 WL 2880180, at *4-5 (E.D. Cal. July 21, 2010), rep. and reco. adopted, 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010). "Plaintiffs must 'allege facts demonstrating or excusing compliance with the claim presentation requirements.'" Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (quoting State v. Superior Court (Bodde), 32 Cal. 4th 1234,

1239 (2004) (holding that "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action")).

Because plaintiff has not alleged that he complied with the Government Claims Act, his state law claims will be dismissed, with leave to amend to demonstrate such compliance. Plaintiff is also warned that if the court finds he has not stated a cognizable federal claim, the court will dismiss his state law claim even if he has complied with the Government Claims Act. See 28 U.S.C. § 1367.

### 3. Retaliation

Plaintiff appears to be alleging the following conduct was retaliation. First, he contends that from May 2017 through June 2017, he was "harassed with a number of disciplinary rule infractions," and threatened to be kicked out of the mental health program. He alleges this conduct was done as a result of the staff complaint he filed against defendants Williams, Pleshchuk, and Franceschi. Second, plaintiff alleges that his treatment team reduced his care level from EOP to CCCMS in retaliation for filing the staff complaint.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff's filing of the staff complaint qualifies as protected conduct under the First Amendment. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). However, plaintiff does not sufficiently identify who took the actions against him. Plaintiff must name each person that he contends took adverse action against him, explain just what action that person took, and then show the person took the action because plaintiff filed a staff complaint. Plaintiff will be given an opportunity to amend his complaint to state a retaliation claim

////

////

9

### 4. Employee Misconduct

Plaintiff cites to section 3391(A) of the California Code of Regulations as authority for this claim. Assuming section 3391(A) provides a legal basis for a claim, plaintiff is again advised that to make such a state law claim, he must first have complied with the Government Claims Act. He has not shown that he has done so. Accordingly, like his claim for breach of contract, this claim will be dismissed with leave to amend.

### C. Filing an Amended Complaint

If plaintiff wishes to continue with this action, he must file an amended complaint that addresses the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Plaintiff is advised that he has failed to make specific allegations against several defendants, including J. Caoile and Jerry Brown. If he wishes to keep those defendants in this suit, he must describe just what each defendant has done and why that action violated his civil rights.

10

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, may result in dismissal of this case.

////

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: October 19, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/howe1788.scrn