UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREEM J. HOWELL,

          Plaintiff,

    v.

R. PLESHCHUK, et al.,

          Defendants.

No.  2:18-cv-1788 DB P

ORDER

Plaintiff is a state prisoner who was proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action in June 2018 by filing a complaint.  (ECF No. 1.)  On screening, this court granted plaintiff's request to proceed in forma pauperis, found plaintiff failed to state any cognizable claims for relief, and gave him an opportunity to file an amended complaint.  (ECF No. 9.)  By a separate order, the court directed the California Department of Corrections and Rehabilitation to submit regular payments from plaintiff's prison trust account until the $350 statutory filing fee was paid in full.  (ECF No. 10.)

On November 19, 2018, plaintiff filed a first amended complaint.  (ECF No. 14.)  The court found plaintiff stated cognizable claims against all defendants.  (ECF No. 15.)  The court then ordered plaintiff to submit the documents necessary to serve defendants with the first amended complaint.

////

1

1    Plaintiff submitted service documents on February 14, 2019.  (ECF No. 16.)  On February

2    21, this court ordered the U.S. Marshal to serve defendants.  (ECF No. 17.)

3    On February 28, 2019, Magistrate Judge Boone held a settlement conference in thirteen of

4    plaintiff's pending cases in this district.  (See ECF No. 19.)  Twelve of the thirteen cases,

5    including the present case, were settled.  (Id.)  On March 7, 2019, plaintiff filed a notice of

6    voluntary dismissal in this action.  (ECF No. 22.)  On March 11, this matter was dismissed and

7    the case was closed.  (ECF No. 23.)

8    On March 28, 2019, plaintiff filed a motion to vacate the court's order directing the

9    CDCR to collect payments from plaintiff's prison trust fund for the filing fee in this action.  (ECF

10   No. 24.)  Plaintiff argues that there were "no pleadings in this matter," "defendants ha[d] not been

11   served," and the "court has not yet screened the complaint."  Plaintiff is mistaken.  He filed two

12   pleadings in this case, both of which were screened by the court.  In addition, while defendants

13   had not formally appeared in the matter, plaintiff had submitted service documents and the U.S.

14   Marshal had been directed to serve the first amended complaint.

15   Plaintiff is advised that when he files a federal civil rights action, he remains liable for full

16   payment of the filing fee regardless of the outcome of the action.  See 28 U.S.C. § 1915(b)(1),

17   (2); Antonetti v. Foster, No. 3:14-cv-495-JAD-VPC, 2015 WL 6437399, at *3  (D. Nev. Oct. 22,

18   2015) ("Plaintiff will . . . be required to make monthly payments toward the full $350 filing fee

19   when he has funds available, even though this case is being dismissed."); Turner v. San Diego

20   County, No. 14cv1965 LAB (WVG), 2014 WL 5800595, at *1 (S.D. Cal. Nov. 7, 2014) (same);

21   Mercier v. FBI, No. CV07-281-S-EJL, 2008 WL 360843, at *2 (D. Id. Feb. 8, 2008) (same).  This

22   case was pending here for over eight months before it was settled.  During that time, the court

23   screened two of plaintiff's complaints and issued an order for the Marshal to serve defendants.

24   The court finds no basis to make an exception to the rule that plaintiff is liable for the full filing

25   fee.

26   ////

27   ////

28   ////

2

1     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 24) is denied

2 Dated: May 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/howe1788.fee

3